IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2220-D

| | |
|---|---|
| RAEKWON BRYANT, | ) |
| Petitioner, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| LESLIE COOLEY-DISMUKES, | ) |
| Respondent. | ) |

On October 7, 2025, Raekwon Bryant ("Bryant" or "petitioner"), a state inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On December 2, 2025, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed the action to proceed [D.E. 7].

On February 23, 2026, respondent moved to dismiss the petition [D.E. 15] and filed a memorandum in support [D.E. 16]. On the same date, the court notified Bryant of the motion, the consequences of failing to respond, and the response deadline [D.E. 17]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 4, 2026, Bryant responded in opposition [D.E. 22, 23, 24]. As explained below, the court grants respondent's motion to dismiss.

I.

On December 19, 2012, in Lenoir County Superior Court, Bryant entered an Alford plea to common law robbery, accessory after the fact to murder, and conspiracy to commit first-degree murder. See Pet. [D.E. 1] 1; Plea Tr. [D.E. 16-2] 3–4; cf. State v. Dail, 260 N.C. App. 127, 814 S.E.2d 924, 2018 WL 3029004, at *1 (2018) (unpublished table decision) (describing the murder). On June 29, 2016, Lenoir County Superior Court sentenced Bryant to consecutive imprisonment

terms of 13 to 16 months for common law robbery, 73 to 97 months for accessory after the fact to murder, and 157 to 198 months for conspiracy to commit first-degree murder. See Pet. 1; [D.E. 16-3]. Bryant did not appeal.

On August 19, 2021, and March 11, 2022, Bryant filed pro se motions for appropriate relief ("MAR"). See Pet. 3; [D.E. 16-4, 16-5]. On April 8, 2022, before the state court resolved his MARs, Bryant filed a section 2254 petition collaterally attacking his June 29, 2016 conviction. See [D.E. 16-6]. On October 9, 2023, the court dismissed his petition as untimely and denied a certificate of appealability. See [D.E. 16-7] (Order, Bryant v. Ishee, No. 5:22-HC-2068 (E.D.N.C. Oct. 10, 2023), [D.E. 46]). On December 6, 2023, Bryant abandoned his pro se MARs and filed an MAR through counsel, which the state court denied on January 26, 2024. See [D.E. 1-1] 1–18.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), before filing a "second or successive" application for habeas relief in federal district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Magwood v. Patterson, 561 U.S. 320, 330–31 (2010).

A petition is "second or successive" when it attacks "the same custody imposed by the same judgment of a state court," Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam), and the court decided the prior petition on the merits. See Slack v. McDaniel, 529 U.S. 473, 489 (2000). When a court dismisses a section 2254 petition as time-barred, the dismissal is an adjudication "on the merits" for successiveness under section 2244(b). See, e.g., In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (per curiam); Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam); Griffin v. Padula, 518 F. Supp. 2d 680, 687 (D.S.C. 2007).

2

Bryant's section 2254 petition collaterally attacks the same June 29, 2016 Lenoir County conviction and sentence that he collaterally attacked in his first section 2254 petition. The court dismissed Bryant's first petition as time-barred. Thus, the court adjudicated the first petition on the merits. Accordingly, Bryant's latest section 2254 petition is "second or successive." Burton, 549 U.S. at 152–53. Because Bryant did not obtain authorization from the United States Court of Appeals for the Fourth Circuit before filing this action, the court cannot review the petition on the merits. See 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 153–56; Slack, 529 U.S. at 489; see also United States v. Robinson, 159 F.4th 277, 284 (4th Cir. 2025); In re Stevens, 956 F.3d 229, 232 (4th Cir. 2020); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), abrogated on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

Reasonable jurists would not find the court's treatment of Bryant's petition debatable or wrong, and the petition does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack, 529 U.S. at 484.

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 15], DISMISSES WITHOUT PREJUDICE this "second or successive" section 2254 petition for a writ of habeas corpus [D.E. 1], and DENIES a certificate of appealability. The clerk SHALL close the case.

SO ORDERED. This 25 day of June, 2026.

JAMES C. DEVER III
United States District Judge

3